# Remensnyder's Estate.

*Trusts and trustees—Will—Active trust—Termination of—Gift of bank stock—Option to purchase stock held in trust—Restraint on alienation—Public policy—Vesting of title—Condition precedent.*

1. An option is a species of property that can be made the subject of a testamentary gift.

2. Where a testator gives to a daughter bank stock, and directs that it "shall be held in trust for her as hereinafter provided," he creates an active trust in such stock by a later direction in his will, that a friend, whom he names, shall, "in consideration of many kindnesses and favors shown" to the testator in his lifetime "have the first option to purchase" such stock, and that before the daughter shall sell, or otherwise dispose of said stock, she shall give written notice to the trustee of her desire so to do, and the trustee shall offer to sell it to the friend named, at its book value, and if the said offer is not accepted and purchase made within thirty days, then the trustee shall deliver over said stock to the legatee absolutely, and she shall have full power to sell or otherwise dispose of it.

3. The above testamentary provision is not a restraint on alienation, in violation of public policy, but a condition precedent to the absolute vesting of the title.

Argued March 15, 1920. Appeal, No. 18, Oct. T., 1920, by Anna Barbara Brant, from decree of O. C. Allegheny Co., May T., 1919, No. 180, dismissing exceptions to adjudication in estate of William Remensnyder, deceased. Before BROWN, C. J., STEWART, MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Exceptions to adjudication.

TRIMBLE, J., filed the following opinion:

The question involved is whether there are dry or active trusts with respect to certain shares of stock owned by the decedent and bequeathed by him to his daughters.

Wm. Remensnyder died September 3, 1918, in the City of Pittsburgh, testate. The fourth, fifth, sixth, seventh, eighth, ninth and tenth paragraphs of the will are all similar, the fourth being as follows: "I give and bequeath unto my beloved daughter Mrs. Katherine Knapp, twenty-nine (29) shares of the capital stock of the German National Bank of Allegheny...... for her own proper use, benefit and behoof, except that the said capital stock in the German National Bank of Allegheny shall be held in trust for her as hereinafter provided." The bequests with respect to the stock in the German National Bank in these various clauses are subject to the following provision: "In consideration of the many kindnesses and favors shown me during my lifetime by F. N. Hoffstot and in proof of my appreciation of his friendship, I desire that the said F. N. Hoffstot shall have the first option to purchase any or all of the capital stock of the German National Bank of Allegheny owned by me at the time of my decease, and I therefore direct that said capital stock be deposited with and held by my said executors the survivor or survivors of them, in trust, respectively for my aforementioned legatees. And before any of said legatees shall sell or otherwise dispose of said stock in the German National Bank of Allegheny hereby bequeathed to them, they shall give written notice to said executors of their desire so to do, and said executors and trustees shall offer to sell to F. N. Hoffstot the holdings of any such legatee of the capital stock of the German National Bank of Allegheny at its book value, and if said offer be not accepted and purchase made at such book value by F. N. Hoffstot within thirty days after the making of such offer then the said executors and trustees shall deliver over the

capital stock held by them in trust for said legatee absolutely, and said legatee shall have full power and authority to sell or otherwise dispose of said capital stock."

It is undoubtedly true that a testator may do what he pleases with his property so long as he does not violate any law of the Commonwealth. An analysis of these bequests in so far as they relate to this litigation shows that the executors and trustees shall offer to sell the holdings of any such legatee of the capital stock of the German National Bank at its book value. The power of sale is therefore in the executors, limited of course to the acceptance of the option as outlined in the bequest, and if this is refused by the optionee, then the absolute title vests in the legatee, and the trust ends. It was held in Barnett's App., 46 Pa. 392, at page 399, in enumerating the classes of active trusts, that such a one is created where the trustee is to dispose of the property, and in Perry on Trusts, section 305, that an active trust is created when there is power "to dispose of the estate by sale." An option is a specie of property that can be made the subject of a testamentary gift: In re Walbridge, 198 N. Y. 234; and in Boyer v. Nesbitt, 227 Pa. 398, it is held that an option is not invalid because it is contingent, as "in a sense all options are contingent because they may or may not be exercised within the time or upon the conditions stipulated." There is no restraint upon the sale of this stock which would make the bequest void. There is a marked distinction between a restraint against alienation and a gift with a condition annexed, one implies a violation of and the other a compliance with the policy of the law of the State. In Brothers et al. v. McCurdy et al., 36 Pa. 407, there was a prohibition of an offer to sell for a specific purpose and to certain persons named, and this was held to be void; but here there is a direction to the executors and trustees, the custodians of the stock during the continuance of the trust, to offer the stock first to the testator's friend, "in consideration of the many kindnesses and

favors shown......and in proof of my appreciation of his friendship," and this cannot be said to be a restraint, but a condition precedent to the absolute vesting of the title. The legatees may cause this stock to be sold at any time by giving notice of their desire so to do, and thereupon the option must be accepted or refused. If it is accepted the stock must be sold at its book value, and certainly the testator had a right to so direct; if it is not accepted the legatees take the title absolutely, and thereafter they may sell it to any person who will purchase it. The trust is active and will be enforced according to the intention of the testator.

A decree was entered dismissing the exceptions and awarding the stock to the trustees.

Anna Barbara Brant, one of the daughters of testator, appealed.

*Error assigned* was decree of the court.

*John E. Winner*, with him *John D. Brown*, for appellant.

*John G. Frazer*, with him *Reed, Smith, Shaw & Beal*, for appellees.

PER CURIAM, April 19, 1920:

The question on this appeal is whether the testator created an active trust in a bequest to the appellant, one of his daughters, of a certain number of shares of the capital stock of the German National Bank of Allegheny. That he did so, and that the trust may be terminated in a proper way, clearly appear from the concise opinion of the learned court below dismissing the exceptions of the appellant to the adjudication of the account of executors. Nothing can be profitably added to that opinion, and, upon it, the decree is affirmed at appellant's costs.

Decree affirmed.